a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| DAVIS L JACKSON #247223,<br>Plaintiff | CIVIL DOCKET NO. 5:20-CV-00700<br>SEC P |
| VERSUS | CHIEF JUDGE S. MAURICE HICKS, JR. |
| DARREL VANNOY,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF No. 1) filed by *pro se* Petitioner Davis L. Jackson ("Jackson"). Jackson is an inmate in the custody of the Louisiana Department of Corrections, incarcerated at the Louisiana State Penitentiary in Angola, Louisiana. Jackson challenges his conviction and sentence imposed in the Forty-Second Judicial District Court, DeSoto Parish.

Because Jackson is not entitled to habeas relief, his Petition (ECF No. 1) should be DENIED and DISMISSED WITH PREJUDICE.

I. Background

According to the Louisiana Second Circuit Court of Appeal:

On March 14, 2015, Davis L. Jackson ("Jackson") shot Bobbie Hooper ("victim"), his friend and neighbor, in the chest from a close range with a .38 caliber handgun. On that day, Jackson went to the victim's house to get his autistic son. The victim had been watching the child that day. The mother of the child was also at the victim's house, and when she and Jackson became involved in a verbal argument, the victim asked Jackson to leave. Jackson left the house, returned with a gun, and shot

1

the victim. Jackson claims that he was intoxicated at the time of the offense. Also, according to Jackson, the victim hit him on the head with a bottle, a struggle over the gun ensued, and the gun accidentally discharged. However, the victim denied that a struggle ensued and there was no other evidence of, there being a struggle. The state noted that in a statement to police, Jackson said he pulled the trigger three times before it fired. The victim sustained a punctured lung and is still undergoing treatment and rehabilitation.

Jackson was charged with attempted second-degree murder on April 23, 2015. However, on October 8, 2015, Jackson appeared and pled guilty to the responsive charge of attempted manslaughter. There was no agreement on sentencing. On December 9, 2015, after reviewing the facts of this case and a presentence investigation report, the trial court sentenced Jackson to 15 years at hard labor. No motion to reconsider sentence was filed. Jackson subsequently filed a motion for an out-of-time appeal, which was granted by the trial court.

*State v. Jackson*, 50,864 (La.App. 2 Cir. 9/28/16, 1–2); 206 So.3d 1099, 1100, *writ denied*, 2016-2055 (La. 9/6/17); 224 So.3d 983. On appeal, Jackson claimed that his sentence was excessive. The appellate court affirmed, and the Louisiana Supreme Court denied writs. *Id.*

Jackson filed an application for post-conviction relief arguing that the prosecution "added facts at the sentencing"; his attorney was ineffective for failing to object; and the victim's injury was superficial. ECF No. 1-3 at 6. The trial court denied the application. *Id.* Subsequent writ applications were also denied. *State v. Jackson*, 2019-1058 (La. 3/9/20); 290 So.3d 1127.

## II. Law and Analysis

### A. Rule 8(a) Resolution

The Court is able to resolve Jackson's § 2254 Petition without the necessity of an evidentiary hearing because there are no genuine issues of material fact relevant

to his claims, and the state court records provide an adequate factual basis. *See Moya v. Estelle*, 696 F.2d 329, 332-33 (5th Cir. 1983); *Easter v. Estelle*, 609 F.2d 756, 761 (5th Cir. 1980); Rules Governing Section 2254 Cases.

### B.   Standard of Review

The standard of review in federal habeas cases is governed by the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"), which provides, in part:

> (d) An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d). Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

### C. Jackson's claims involving an "uncharged crime" are meritless.

Jackson asserts that he was convicted of an "uncharged crime" because the district attorney stated at sentencing that Jackson walked back to his house to get a gun to shoot Ms. Hooper. Jackson claims that the district attorney was required to charge him with these "facts," which were not mentioned in any written reports. ECF No. 1-2 at 4-5.

On post-conviction review, the trial court found that the facts described at sentencing were contained in the pre-sentence investigation report and in the police report. ECF No. 10-2 at 66-60. Jackson was provided with multiple opportunities to speak at sentencing, and he did not dispute this aspect of the prosecutor's summary or the court's restatement of the facts. ECF No. 10-2 at 66-67.

Additionally, Jackson provides no federal authority for his implication that the state was required by law to allege in the bill of information all of the facts that would prove the charge of attempted manslaughter. In fact, the sufficiency of a state charging instrument is not a matter for federal habeas relief unless it can be shown that the instrument was so defective that it deprived the state court of jurisdiction. *Morlett v. Lynaugh*, 851 F.2d 1521, 1523 (5th Cir. 1988). For a charging instrument to be fatally defective, no circumstances can exist under which a valid conviction could result from facts provable under the instrument. *Morlett*, 851 F.2d at 1253 (*citing Johnson v. Estelle*, 704 F.2d 232, 236 (5th Cir. 1983), *cert. denied*, 465 U.S. 1009 (1984).

4

Jackson does not allege or establish that the bill of information deprived the state court of jurisdiction. Moreover, Jackson pleaded guilty to the offense of manslaughter, admitting that he shot Ms. Hooper.

Finally, to the extent Jackson complains of an irregularity or illegality in the sentencing procedure, his claim is a matter of state law and not cognizable on federal habeas review. *Pringle v. Beto*, 424 F.2d 515, 516 (5th Cir. 1970).

Jackson does not show that the state court's decision on this issue differs from any decision of the United States Supreme Court on a set of materially indistinguishable facts. *Williams*, 529 U.S. at 380-84. Nor does Jackson show that the state courts unreasonably applied federal law to his case. *Id.*

### B. Jackson cannot establish ineffective assistance of counsel.

Jackson alleges that his attorney's failure to object to the prosecutor's summary of the facts at sentencing fell below the standard required by *Strickland v. Washington*, 466 U.S. 668 (1984).

To succeed on an ineffective assistance of counsel claim, a petitioner must demonstrate: (1) that his counsel's performance was deficient, requiring a showing that the errors were so serious such that he failed to function as "counsel" as guaranteed by the Sixth Amendment; and (2) that the deficiency so prejudiced the defendant that it deprived him of a fair trial. *Strickland*, 466 U.S. at 687. The first prong does not require perfect assistance by counsel; rather, a petitioner must demonstrate that counsel's representation fell beneath an objective standard of reasonableness. *Id.* at 688. The second prong requires the petitioner to show "a

5

reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. "Both of [*Strickland*'s] prongs must be proven, and the failure to prove one of them will defeat the claim, making it unnecessary to examine the other prong." *Williams v. Stephens*, 761 F.3d 561, 566–67 (5th Cir. 2014).

This Courts review of Jackson's ineffective assistance claim is "doubly deferential." *See Cullen v. Pinholster*, 563 U.S. 170, 190, 202 (2011); *Rhoades v. Davis*, 852 F.3d 422, 434 (5th Cir. 2017) ("Our federal habeas review of a state court's denial of an ineffective-assistance-of-counsel claim is 'doubly deferential' because we take a highly deferential look at counsel's performance through the deferential lens of § 2254(d)."). Essentially, "federal courts are to afford both the state court and the defense attorney the benefit of the doubt." *Woods v. Etherton*, 136 S. Ct. 1149, 1151 (2016) (quotation marks omitted). The habeas court does not determine whether counsel's actions were reasonable, but rather "whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Harrington v. Richter*, 562 U.S. 86, 99 (2011).

Because the prosecutor's summary of the facts at sentencing did not violate Jackson's constitutional rights and was supported by the record, his attorney was not ineffective for failing to object or raise the claim on appeal. "Counsel is not deficient for, and prejudice does not issue from, failure to raise a legally meritless claim." *Smith v. Puckett*, 907 F.2d 581, 585, n.6 (5th Cir. 1990); *see also Wood v. Quarterman*,

6

503 F.3d 408, 413 (5th Cir. 2007) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite.") (quoting *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994)).

Jackson does not establish that the state courts' decision on this issue was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d).

### C. Jackson fails to state a viable claim regarding "new evidence."

Jackson claims that the prosecutor introduced new evidence at sentencing. As discussed above, there was no new evidence introduced. At the plea hearing, Jackson admitted to shooting the victim. ECF No. 10-2 at 59-60. Jackson claimed that he had an argument with the victim. *Id.* The court found this sufficient to accept his plea of attempted manslaughter. Jackson has not shown any "evidence" relevant to his guilty plea of which he was unaware at the time of the plea.

To the extent Jackson claims he is actually innocent of the offense of attempted manslaughter, his claim fails because the United States Court of Appeals for the Fifth Circuit does not recognize a free-standing claim of actual innocence. *Floyd v. Vannoy*, 894 F.3d 143, 155 (5th Cir. 2018) (citing *In re Swearingen*, 556 F.3d 344, 348 (5th Cir. 2009)).

### III. Conclusion

Because Jackson is not entitled to habeas relief, IT IS RECOMMENDED that the Petition (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a circuit justice or district judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Thursday, January 20, 2022.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE